UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA MARIE TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1442 HEA |
| | ) | |
| MALLINCKRODT CHEMICAL WORKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it for lack of subject matter jurisdiction.

28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action alleging injuries sustained while working for defendant Mallinckrodt. Specifically, plaintiff asserts that during her employment at Mallinckrodt as an analyst from 1981 to 1992, she was "exposed to a radioactive workbench and lab environment," and as a result suffered numerous physical ailments and was later diagnosed with sarcoidosis. Plaintiff additionally asserts that since being exposed to radiation at Mallinckrodt she seems to have a strange effect on radio waves, electronic devices and metallic objects. Plaintiff seeks twelve million dollars in damages for the alleged unlawful conduct.

**Discussion**

Under Fed. R. Civ. P. 12(h)(3), the Court is required to dismiss an action if it appears that subject matter jurisdiction is lacking. Plaintiff claims that she suffered a workplace injury arising from her employment with Mallinckrodt. The Missouri's Workers Compensation Act ("the Act") provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment. Wright v. St. Louis Produce Market, 43 S.W.3d 404, 414 (Mo.Ct.App.2001). And the Labor and Industrial Relations Commission has the

exclusive jurisdiction to determine whether an employee's injuries occurred as a result of the employee's employment. <u>Hannah v. Mallinckrodt, Inc.</u>, 633 S.W.2d 723 (Mo. Banc 1982). Under 5 U.S.C. § 8128(b), the decision of the Secretary of Labor to grant or deny compensation is final and is not subject to review by this Court. As a result, this Court lacks subject matter jurisdiction over the complaint. <u>Brumley v. U.S. Dept. of Labor</u>, 28 F.3d 746, 747 (8th Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this case is subject to dismissal for lack of subject matter jurisdiction.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of September, 2010.

                                    HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE